PATENT SPECIALTIES CORPORATION v. PRICE et al.

No. 473.

Circuit Court of Appeals, Tenth Circuit.
Dec. 21, 1931.

J. Hanson Boyden, of Washington, D. C., for appellant.

A. C. Paul, of Chicago, Ill., for appellees.

Before PHILLIPS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge.

Plaintiff appeals from a decree dismissing its bill of complaint in a patent infringement suit in which claims 1 and 3 of letters patent No. 1,287,934, granted to Dexter B. Farnsworth, Jr., and Walter Z. Allen, December 17, 1918, are involved. These claims read as follows:

"1. An oxy-acetylene welded pipe joint comprising a first pipe member having an enlarged receiving opening at one end thereof and a second pipe member extending into said receiving opening and providing an annular space between said first and second members extending the length of said second member within said opening, the end rim of said receiving opening being welded to the outer surface of said second pipe member which it encircles, said annular space being maintained in an open condition so that the joint may be angular."

"3. A welded pipe joint comprising a first tubular member having a central bore and an enlarged bore adjacent one end constituting a receiving opening, and a second tubular member extending into the bore of said receiving opening and providing an annular space between said first and second members extending the length of said second member and the inner wall of said receiving opening being parallel and the end rim of said receiving opening being welded to the body of the second member which it encircles, said annular space being maintained in an open condition so that the joint may be angular."

If there is novelty in either of these claims, it must reside in the fact that there is "an annular space" between the members, which space is "maintained in an open condition so that the joint may be angular."

The proofs disclose the defendant in construction employed a welded bell and spigot joint which had a clearance of a little less than the plaintiff's clearance; in exact figures being .062 inch for the plaintiff's as against .047 for defendant's; that is to say, the clearance used by the defendant being approximately one-twentieth of an inch, it is only sufficient for reasonable convenience in assemblage of the pipe in actual construction of the line. Indeed, the plaintiff contends the defendants cannot use even enough clearance for reasonable convenience in construction without infringing the rights granted it under the claims of its patent.

The record discloses the following state of the art: Prior to about 1912 bell and spigot joints were made firm by packing the clearance space, or by fusion, that is, heating the two parts and forcing them together. Providing a clearance or an annular space between the members of a bell and spigot joint for the purpose of allowing for angularity was old in the art at the time plaintiff's patent was applied for or granted. Patent No. 198,146 granted one Painter in 1877 discloses there was such an annular space to admit the joining of the sections of pipe without requiring the bell end to be much larger than the inserted end. Patent No. 310,049 to one Granger in 1884 discloses such an annular space packed with sulphur. Patent No. 993,661, granted to one Dudley in 1911, discloses a packed joint with an annular opening in which the pipes can be deflected sidewise or up and down several inches, and can expand and contract without causing injury or leakage. These references are quite sufficient to disclose that the clearance between the members of a bell and spigot joint for the exact purposes claimed by plaintiff was old in the art before plaintiff's patent was applied for or issued.

It is true, these patents being prior to oxy-acetylene welding were packed joints, and therefore they did not and could not

be in an open condition as described in plaintiff's patent. Also, prior to plaintiff's patent there was issued patent No. 1,103,630. It describes the bell and spigot welded joint, with the clearance between the members, which is, however, packed with rings. The Austrian patent No. 48,917 to Arnold discloses a welded bell and spigot joint. There is, however, no clearance provided. The prior art disclosing an annular space for the purpose of permitting angularity in a packed joint, and the prior art disclosing oxy-acetylene welding for the purpose of doing away with the packed joint, the question of novelty comes down to this: Is there inventive genius in adapting an old type of welding to an old type of joint? That is exactly what the plaintiff has done in this case. He has taken an old joint, provided with an annular space for the purpose of angularity, and, instead of closing the joint with packing, has closed it with oxy-acetylene welding. To my mind, this is not a patentable invention. True, the inventor in his testimony says that he developed a torch and discovered that he could make a better weld, a weld with strength enough to allow clearance; that by this discovery he could "make a joint loose enough to permit some deflection and still close enough to weld." Taking him at his word, his discovery consists of a stronger weld, but this is not what has been patented to him.

In our judgment, the court below rightly dismissed plaintiff's bill on the ground the patent of plaintiff is invalid for want of invention because of the prior state of the art. This being true, it is entirely unnecessary to go into the question of infringement by defendant. If plaintiff has no patent to infringe, there can be no infringement.

It follows the decree appealed from is right, and, being right, must be affirmed.

It is so ordered.